IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHAD UDEEN and MARY JANE JEFFERY, et al., on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>    v.<br><br>SUBARU OF AMERICA, INC., et al.<br><br>                Defendants. | Civil No. 18-17334(RBK/JS) |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses defendants' request that all discovery be stayed until their Motion to Dismiss [Doc. No. 28] filed on February 28, 2019 is decided. Plaintiffs oppose defendants' request. The Court received the parties' letter briefs [Doc. Nos. 29, 30] and held oral argument. For the reasons to be discussed, defendants' request is denied with the proviso that only limited and focused discovery on core issues will be permitted. The permitted discovery is listed in this Order.

Background

For present purposes it is enough to know that plaintiffs brought this putative nationwide class action alleging that Subaru sold and leased its cars with a defective Starlink infotainment system. Plaintiffs allege, inter alia, the defect creates a safety hazard. Defendants deny all liability allegations. Not unexpectedly plaintiffs believe defendants' motion to dismiss will

1

be denied in whole or in part. However, defendants acknowledge that even if their motion is granted in toto, some express warranty claims of the California plaintiffs will remain.

Discussion

The applicable law is straightforward and for the most part not in dispute. Since the parties are already familiar with this Court's decisions addressing whether a stay should be entered, the applicable law will not be set forth in detail. As the Court noted in Gerald Chalames Corp. v. OKI Data Americas, Inc., 246 F.D.D. 453, 454 (D.N.J. 2007), the mere filing of a motion to dismiss does not stay discovery. The factors to examine whether a stay should be entered include: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. Jackson v. Trump Entrainment Resorts, Inc., C.A. 13-1605 (JHR/JS), 2015 WL 13637411, at *4 (D.N.J. Feb. 11, 2015). After examining all relevant evidence, the Court finds the relevant factors weigh in plaintiffs' favor and, therefore, the Court will deny defendants' request to stay all discovery.

The Court agrees that plaintiffs will be prejudiced if all discovery is stayed while waiting for defendants' motion to be

decided.  Given the extensive briefing on defendants' motion and the expected time it will take for the motion to be decided, the case will be in suspense for months if defendants' request is granted.  Having filed their complaint plaintiffs have a right to move forward.  See Costantino v. City of Atlantic City, C.A. No. 13-6667 (RBKIJS), 2015WL 668161, at *3 (D.N.J. Feb. 17, 2015) (a delay in plaintiffs' efforts to diligently proceed with their claims substantially prejudices plaintiffs).  This is especially true in a case where plaintiffs claim the alleged defect in defendants' vehicles is a safety hazard.  Further, the longer the case languishes the greater chance exists that relevant evidence may be lost or destroyed.  See Clinton v. Jones, 520 U.S. 681, 707-08 (1997) ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence including the inability of witnesses to recall specific facts, or the possible death of a party"); New York v. Hill, 528 U.S. 110, 117 (2000) ("Delay can lead to a less accurate outcome as witnesses become unavailable and memories fade.")[1]

Also favoring plaintiffs is the fact that defendants will not be prejudiced, nor will they suffer "undue hardship," if limited discovery goes forward.  The Court does not expect the Court-Ordered discovery to be unduly time consuming or expensive.

---

[1] The Court agrees with plaintiffs that, "[m]oving this litigation forward despite the pending motion to dismiss would ensure that the parties are able to timely and effectively resolve the claims and defenses presented in this case." See March 8, 2019 Letter Brief at 5.

3

Further, since the discovery will focus on core issues, the requested discovery should be readily available. In addition, defendants acknowledge discovery will go forward even if their motion to dismiss is granted in toto. Thus, discovery as to plaintiffs' claims is inevitable.

Defendants' concern about "extremely expensive" discovery is overblown. As is always the case, the Court expects to closely manage discovery to assure that plaintiffs' efforts are proportional. Further, contrary to defendants' argument, a discovery stay will not simplify the issues for trial. In fact, the opposite is true. The parties initial discovery will focus on the core issues in the case to assure that only the most relevant and important discovery is produced. This discovery will be produced no matter what claims remain in the case. The discovery will serve to educate plaintiffs concerning the most important individuals and issues in the case. In the long run the Court expects defendants to benefit from this staging so that the parties do not chase discovery "down a rabbit hole."

The fact that the case is at an early stage and no trial date has been set is not a persuasive relevant factor to the Court's decision. It is almost always the case that a trial date is not set before a motion to dismiss is decided.

The Court is not insensitive to defendants' concerns about proceeding with discovery while their motion to dismiss is

outstanding. Nonetheless, by closely managing the discovery process and only permitting discovery on core issues, the goals of Fed.R.Civ.P. 1 will be furthered, i.e., to secure the just, speedy, and inexpensive determination of every action and proceeding. The Court's resolution is fair to all parties. On the one hand plaintiffs can immediately proceed to obtain plainly relevant and important core discovery. On the other hand, the "floodgates" of discovery will not open until defendants' motion is decided and the issues to be litigated are joined.[2]

Conclusion

Accordingly, it is hereby ORDERED this 12th day of March, 2019, that defendants' request for a complete stay of discovery while its Motion to Dismiss remains to be decided is DENIED; and it is further ORDERED as follows:

1. By April 15, 2019, defendants shall produce all documents[3] listed in nos. 1-5 on page 5 of its March 8, 2019 letter [Doc. No. 29].

2. By April 15, 2019, plaintiffs shall produce all documents regarding their purchase of the subject Subaru vehicles and all documents regarding their complaints about and repair efforts concerning the Starlink infotainment system.

---

[2] Absent a showing of good cause, the Court agrees with defendants that all substantive depositions should be stayed until defendants' Motion to Dismiss is decided. However, the Court is not ruling out the possibility the parties may take important records depositions.

[3] All references to documents shall include responsive ESI.

3. By April 15, 2019, the parties shall meet and confer regarding plaintiffs' request for the documents listed on page 7 of their March 8, 2019 letter [Doc. No. 30]. The Court generally agrees the listed subject matter is relevant. The Court also finds that defendants' documents in Japan are not necessarily off-limits. However, the Court is concerned plaintiffs' requests are too broad. The Court will only permit narrow and focused discovery requests asking for core information. The parties meet and confer discussions shall also address plaintiffs' request for third-party discovery. To the extent the parties cannot agree on the discovery to be produced, simultaneous letter briefs shall be served by April 15, 2019; and it is further,

ORDERED the parties shall serve their Fed.R.Civ.P. 26(a)(1)(A) disclosures by April 8, 2019. The parties shall base their disclosures on all claims presently pleaded in plaintiffs' first amended complaint; and it is further

ORDERED a Fed.R.Civ.P. 16 conference is scheduled in Courtroom 3C on April 22, 2019 at 2:00 p.m. The Court expects to address and decide all discovery disputes at the conference; and it is further

ORDERED that prior to the ruling on defendants' Motion to Dismiss, no discovery shall be taken absent leave of Court.[4]

```
                                s/ Joel Schneider
                                JOEL SCHNEIDER
                                United States Magistrate Judge
```

---

[4] To be clear, the Court is not weighing in on the merits of defendants' Motion to Dismiss and it declines to predict whether the motion will be granted in whole or in part.