NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHAD UDEEN, et al., *on behalf of themselves and all others similarly situated*, | : <br> : <br> : <br> : Civil No. 18-17334 <br> : <br> **ORDER** |
| Plaintiffs, | |
| v. | |
| SUBARU OF AMERICA, INC., and SUBARU CORPORATION | |
| Defendants. | |

**KUGLER**, United States District Judge:

  **THIS MATTER** coming before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement (Doc. No. 43), as well as the parties' Settlement Agreement (Doc. No. 44-1 ("Settlement Agreement" or "Agreement"), and for the reasons expressed in the opinion issued this date;

  **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Approval of Settlement is **GRANTED**.

  **IT IS FURTHER ORDERED** that:

1. This Order incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement, except where they conflict with this Order.

2. This Court has jurisdiction over this litigation, Plaintiffs, all Settlement Class Members, Defendants Subaru of America, Inc. and Subaru Corporation (together, "Subaru" or "Defendants"), and any party to any agreement that is part of or related

1

to the Settlement.

3. The Court preliminarily approves the Settlement as being fair, reasonable, and adequate, and finds that it otherwise meets the criteria for approval, subject to further consideration at the Final Approval Hearing described below, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All residents of the continental United States or Hawaii or Alaska who currently own or lease, or previously owned or leased, a Settlement Class Vehicle originally purchased or leased in the continental United States, including Alaska or Hawaii.

Excluded from the Settlement Class are SOA, SBR, SOA's employees, SBR's employees, employees of SOA's and/or SBR's affiliated companies, SOA's and SBR's officers and directors, dealers that currently own Settlement Class Vehicles, all entities claiming to be subrogated to the rights of Settlement Class Members, issuers of extended vehicle warranties, and any Judge to whom the Litigation is assigned. For purposes of this Order and the Settlement, Class Vehicles means model year 2018 Subaru Outback, 2018 Subaru Forester, 2018 Subaru Legacy, 2018 Subaru Crosstrek, 2017- 2018 Subaru Imprezas, and 2018 Subaru BRZ.

5. The Court preliminarily finds, solely for purposes of the Settlement, that the settlement is likely to receive final approval and class certification, specifically that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the

Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

6. The Court appoints Benjamin F. Johns and Andrew W. Ferich of Chimicles Schwartz Kriner & Donaldson-Smith LLP, Daniel R. Lapinski of Motley Rice LLP, and Kevin P. Roddy of Wilentz, Goldman & Spitzer, PA, as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

7. The Court hereby appoints Plaintiffs Chad Udeen, Mary Jane Jeffery, Lydia Runkel, Michael Bolick, Gary Gilpin, Alicia Smith, and Susan Williams to serve as Class Representatives for settlement purposes only on behalf of the Settlement Class.

8. The Court approves the form and content of the Class Notice. The Court finds that the mailing of the Class Notice in the manner and form set forth in the Agreement satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to such Class Notice.

   a. Subaru shall cause to be sent Notice as required under the Class Action Fairness Act ("CAFA") within 10 days after the date on which the Plaintiffs' Motion for Preliminary Approval of the Settlement is filed.

   b. Within 60 days after entry of the Preliminary Approval Order, Subaru shall – at its expense – cause the Class Notice to be disseminated to Settlement Class Members in the form and manner set forth in the Agreement. The Court

      authorizes the Parties to make non-material modifications to the Class Notice prior to publication if they jointly agree that any such changes are necessary under the circumstances. Subaru shall also provide through the Settlement Administrator—also at its expense—a toll-free number with live operators to field questions from Settlement Class Members; set up a dedicated website that will include the notice, claim form, Settlement Agreement and other relevant materials; and notify its dealers of the Settlement.

   c. No later than ten (10) days before the Fairness Hearing, Subaru shall file with the Court an affidavit setting forth the details of the notice provided pursuant to this Order and the Settlement Agreement.

9. The Claim Form is approved for dissemination to the Settlement Class Members, subject to any non-material changes to which the parties may agree.

10. If Settlement Class Members do not wish to participate in the Settlement Class, Settlement Class Members may exclude themselves by filling out and returning the Request for Exclusion Form. All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and postmarked on or before forty-five (45) days after the date of the mailing of Notice to Settlement Class Members. The Settlement Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court and Class Counsel within seven (7) days prior to the Final Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

11. If a Settlement Class Member wishes to be excluded from the Settlement Class, the

Settlement Class Member's written Request for Exclusion shall state in writing (a) the Settlement Class Member's full name, current address and telephone number; (b) the model, model year, date of acquisition and vehicle identification number of the Settlement Class Vehicle; and (c) specifically and unambiguously state in writing his or her desire to be excluded from the Settlement Class and election to be excluded from any judgment entered pursuant to the settlement. No Request for Exclusion will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants.

12. Any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of this Agreement may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved. However, in order to be heard at the Final Approval Hearing, the Settlement Class Member must make an objection in writing and file it, along with a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear"), with the Court no later than twenty (20) days before the hearing.

13. To state a valid objection to the Settlement, an objecting Settlement Class Member must: (a) set forth the objector's full name, current address, and telephone number; (b) the model, model year, date of acquisition and vehicle identification number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license

receipt); (c) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (d) state that the objector has reviewed the Settlement Class definition and understand in good faith that he or she is a Settlement Class Member; (e) a written statement of all grounds for the objection accompanied by any legal support for such objection sufficient to enable the parties to respond to those specific objections; (f) copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; and (g) state whether the Settlement Class Member complained to Defendants or an Authorized Subaru Dealer about a Qualifying Starlink Malfunction or has had any Qualifying Repairs and, if so, provide evidence of any such complaint or repairs. Objections must be filed with the Court, served by first-class mail, and any objecting Class Member must provide a list of all proposed settlements they objected to in the last 5 years. Any objecting Class Member also must provide copies of any other documents offered in support of the objection.

14. In addition to providing a copy of the objection to the Court, objections must also be mailed to each of the following, postmarked on or before forty-five (45) days after the last mailing of class notice: Benjamin F. Johns, Chimicles Schwartz Kriner & Donaldson-Smith, LLP, 361 West Lancaster Avenue, Haverford, PA 19041; and Neal D. Walters, Ballard Spahr, LLP, 210 Lake Drive East, Suite 200, Cherry Hill, NJ 08002.

15. Any Settlement Class Member who does not make his or her objections in the manner provided herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objections to the fairness, reasonableness, or adequacy of

the proposed Settlement and the judgment approving the Settlement.

16. The Court hereby schedules the Final Approval Hearing for February 3, 2020 at 9:30am in Courtroom 4D of the United States District Court for the District of New Jersey, Camden Division, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, whether a judgment should be entered approving such Settlement, and whether Class Counsel's application for attorneys' fees and for service awards to the class representatives should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

17. Settlement Class Members shall have ninety days (90) days after the Notice Date to submit claim forms. Claim forms must be postmarked by that date to be considered timely.

Dated: 10/04/2019                                             /s/ Robert B. Kugler
                                                                                                    ROBERT B. KUGLER
United States District Judge